UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAEYOUNG MIN,<br><br>                    Plaintiff,<br><br>          -against-<br><br>MALLORY A. MCGIBBON; OROK-ITA A. UKPONG,<br><br>                    Defendants. | 24-CV-5247 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action invoking the Court's diversity jurisdiction, 28 U.S.C. § 1332. She asserts state law claims against Defendants, who allegedly remained in Plaintiff's rental property in Brooklyn, New York, from November 2020 until March 2024, without making payment. Plaintiff sues Defendants Mallory A. McGibbon, of New Jersey, and Orok-ita A. Ukpong, who allegedly resides in Washington, D.C.

For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406, to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants rented an apartment at 195 Macon Street in Brooklyn, New York, to Defendants beginning on October 1, 2020. She contends that their tenancy terminated by a 30-day notice to terminate but Defendants remained in adverse possession until March 2024, without payment. Plaintiff initiated a holdover proceeding against Defendants in Landlord-Tenant Court in Kings County, and eventually obtained possession. Plaintiff states that she had asked the state court to sever certain claims from that proceeding, so that she could pursue them separately.

Venue is not proper in this district under Section 1391(b)(1) because Plaintiff alleges that neither Defendant is domiciled in this district. Plaintiff also alleges that events giving rise to her claims took place in Kings County, outside this district. It therefore appears from the face of the complaint that venue is not proper in this district under Section 1391(b)(1), (2).

Where a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Brooklyn, Kings County, which is in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Accordingly, venue is proper in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in this district.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    July 11, 2024
          New York, New York

          /s/ Laura Taylor Swain
          LAURA TAYLOR SWAIN
          Chief United States District Judge